David Leigh v. Commissioner.
Leigh v. Commissioner
Docket No. 46624.
United States Tax Court
T.C. Memo 1954-99; 1954 Tax Ct. Memo LEXIS 147; 13 T.C.M. (CCH) 664; T.C.M. (RIA) 54205; July 14, 1954, Filed *147 David Leigh, 743 Hancock Street, Brooklyn, N. Y., pro se. Joseph F. Rogers, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined the following deficiencies in income tax: 25%
50%
Income
Delinquency
Fraud
Year
Tax
Penalty
Penalty
1950
$ 628.28
$157.07
$314.11
1951
1,234.50
308.50
617.00
1952
2,279.01
The issues concern the amount of the petitioner's taxable income in these years; whether his failure to file returns for these years was due to reasonable cause and not to wilful neglect, and whether any part of each deficiency in tax was due to fraud with intent to evade tax. Findings of Fact Petitioner was a known gambler engaged in "policy" operations. He also was engaged in dice and poker games and betting on horse races. The petitioner, a resident of Brooklyn, N. Y., kept no records and filed no income tax returns for the taxable years. The Commissioner determined the deficiencies in question by taking into account the petitioner's net worth as reflected by a Cadillac car purchased by him on August 2, 1950, for $2,395 cash and a traded-in *148 car valued at $400, plus cash found in the car when petitioner was arrested on gambling charges, plus estimated living expenses for the years in question. Petitioner had a criminal record extending from 1920, including convictions for grand larceny in that year, possession of counterfeit money in 1937, and engaging in policy operations in 1948, 1950, and 1951 in New York State. In 1952 he was again arrested and convicted for engaging in policy operations and being a common gambler. Petitioner paid fines of $500 each on arrests in 1950 and 1951. In 1950 he had over $400 in cash on his person at the time of arrest and in 1951 the sum of $496.20. In 1952 the police at the time of petitioner's arrest found $3,718.46 in cash in his car and $316 cash on his person. In 1952 petitioner paid his attorney $800 in connection with his arrest. Petitioner did not know what his taxable income was for the years in question. His standard of living during those years was high. In part the deficiencies in 1950 and 1951 were due to fraud with intent to evade tax. The failures to file returns required by law in 1950 and 1951 were not due to reasonable cause and were due to wilful neglect. Opinion
*149 Petitioner appeared pro se. The evidence which he presented on his own behalf was unconvincing and failed to overcome the presumptive correctness of the Commissioner's determinations. He has filed no brief and we are uninformed as to his contentions with respect to the points at issue. There is no satisfactory explanation of his failure to file returns for the taxable years. Therefore, we have found that this failure was not due to reasonable cause and was due to wilful neglect. The evidence presented by the Commissioner, in our opinion, sustains his burden of proof that at least a part of the deficiencies in 1950 and 1951 was due to fraud with intent to evade tax. The record before us leaves no alternative but to find all issues in favor of the Commissioner. Decision will be entered for the respondent.